(73 App. Div. 457.)

### POSPISIL v. KANE et al.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

**1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.**

In an action for death, where there had already been two trials, it was not error to deny a motion for a new trial on the ground that defendant had discovered witnesses who would support the version of the accident given by defendant's witnesses, or impeach the character of plaintiff's witnesses.

**2. SAME—SURPRISE.**

That defendants did not anticipate what a certain witness for plaintiff would swear to was no ground for new trial.

Appeal from special term, New York county.

Action by Antonia Pospisil, as administratrix, against Peter J. Kane and another. Judgment for plaintiff, and from an order denying defendants' motion to set it aside, and for a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

H. D. Luce, for appellants.
Paul Jones, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion for a new trial, made on the ground of surprise and newly discovered evidence. The history of the case is the following: The plaintiff's intestate, a small boy, was killed; it being alleged in the complaint that his death was caused by the negligence of a driver

of a manure cart belonging to the defendants. The theory of the plaintiff's case was that the boy was thrown down and run over by the defendants' cart: that five of his ribs were broken, and his lungs pierced by the broken ribs. The defendants' theory was that the boy got on to the rear of the manure cart, fell, and fractured his skull. The case was tried, and a verdict was rendered for the plaintiff for $215, which was set aside by consent. It was tried a second time, and a verdict was rendered for $2,000 in favor of the plaintiff. Judgment was entered upon that verdict for damages and costs in the sum of $2,514. The decedent was the son of Bohemian parents, and all the witnesses called by the plaintiff to testify to the facts connected with the accident were Bohemians, namely, Potrzilek, Pechacek, and Belsky. An appeal was taken from that judgment to this court, where it was unanimously affirmed. 68 App. Div. 638, 74 N. Y. Supp. 1143. A motion was made for leave to go to the court of appeals, which was denied. On the trials and on the appeals the defendants were represented by other attorneys than the one appearing upon this motion. After the decision was rendered upon the appeal, the defendants consulted with their present attorney, and handed him a copy of the case on appeal; and, after reading it, he said that there must have been perjury somewhere in the case, whereupon the defendants instructed their new attorney to go among the Bohemians who would be likely to know of the character of the plaintiff's witnesses, and make an investigation, and find out what he could about such witnesses. The attorney started out on this hunt for evidence, and says he found out from certain persons that they would support the version of the defendants' witnesses given at the trial as to the cause of the accident, or would impeach the character of the plaintiff's witnesses. It is manifest that this is nothing but an attempt to reopen and retry issues that have been twice tried, and there is no excuse whatever shown for not making the investigation and getting this asserted newly discovered evidence either for the first or the second trial. Upon reading the papers on the motion, the conviction is irresistible that this is merely an attempt to get the issues tried over again, which issues might have been tried with these same witnesses if diligence had been used to get them for either or both of the previous trials. The want of diligence is conspicuous. Ordinary care in preparation for either trial would have led to the discovery of these witnesses. The gross neglect is fatal to the application. Reid v. Gaedeke, 38 App. Div. 108, 57 N. Y. Supp. 414; Biddescomb v. Cameron, 58 App. Div. 42, 68 N. Y. Supp. 568. It is claimed that these defendants were surprised by what one Belsky testified to. He was not called on the first trial, but was called on the second. His evidence was important, but a new trial cannot be granted simply because the defendants could not or did not anticipate what he might swear to.

The order was properly made, and should be affirmed, with costs. All concur.